**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marshall Lynn MCCARTER,**
**Defendant–Appellant.**

**No. 08–50544.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Sean C. Flynn, Assistant U.S., United States Attorney's Office, Sacramento, CA, for Plaintiff–Appellee.

Carolyn M. Wiggin, Assistant Federal Public Defender, FPDCA—Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Marshall Lynn McCarter appeals from the 110–month sentence imposed following his guilty-plea conviction for possession of a firearm after having been previously convicted of an offense punishable by a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

McCarter contends that the district court erred by failing to appreciate its discretion to grant a variance based on the fact that he would likely have received a lesser sentence had he been prosecuted for the same offense in state court. This argument lacks merit. *See United States v. Ringgold,* 571 F.3d 948, 950–53 (9th Cir. 2009) (holding that a district court does not commit procedural error in its analysis of the statutory sentencing factors if it does not consider disparities between state and federal sentences for the same criminal conduct).

McCarter also contends that the district court erred by failing to explain why it rejected his argument that he be sentenced without a four-level enhancement for having a firearm with an altered or obliterated serial number. The record as a whole indicates that the district court considered and rejected the arguments and evidence submitted by McCarter in support of this contention. *See Rita v. United States,* 551 U.S. 338, 356–57, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Finally, McCarter contends that the sentence imposed is unreasonable because the enhancement under U.S.S.G. § 2K2.1(b)(4)(B) is not related to any proper sentencing goal. The record reflects that the district court did not procedurally err by applying the enhancement, and the sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007); *see also United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc); U.S.S.G. § 2K2.1, cmt. n. 8 (2008).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.